## SECURITY PETROLEUM CO. et al. v. HARMON et al.

No. 21350.  Opinion Filed Sept. 16, 1930.

Warren K. Snyder, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., and Erman S. Price, for respondents.

HEFNER, J.  This is an original proceeding to review the award of the Industrial Commission, and the petitioner raises but one question.  It is said the Industrial Commission had no jurisdiction under the Workmen's Compensation Act, for the reason that Bob Putnam, the employer, did not have in his employment more than two employees.

The respondent Lewis Harmon worked for Bob Putnam, and Putnam had an arrangement with the Security Petroleum Company by the terms of which he sold and delivered gasoline for the Petroleum Company on a commission basis.  He sold the gasoline and oils to retail merchants and delivered it in trucks owned by himself and the Petroleum Company.  In addition to selling to retail merchants, he operated a filling station.  The filling station was owned by Putnam and was operated by one Garland.  Garland, however, operated the filling station on a commission basis.  Putnam delivered the gasoline to the station, Garland sold the gasoline and was paid for his services by 50 per cent. of the profit made on the sale of gasoline and oil.  It is claimed that Garland, who operated the filling station, was a partner with Putnam instead of an employee.  Putnam owned the filling station, and of course could discharge Garland, who operated it, at any time.  The manner in which Garland received his pay for operating the station is immaterial.  The facts are not such as to make him a partner with Putnam and are such as to make him an employee within the meaning of the compensation Act.

In 1923 the Compensation Law was amended in reference to the number of employees necessary before the act was applicable.  It now provides:

"Provided that the provisions of this act shall not apply to any employer if he shall employ less than two workmen."  (Laws 1923, c. 61, sec. 3.)

Under the amendment the Industrial Commission has jurisdiction where two employees are employed.

The Industrial Commission, under the facts disclosed by the record, had jurisdiction, and the petition to vacate the award is denied.

MASON, C. J., and HUNT, CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur.

LESTER, V. C. J., and ANDREWS, J., absent.